

www.pbwt.com

October 7, 2024

Rachel Sherman
Partner
(212) 336-2147
rsherman@pbwt.com

By Electronic Case Filing

Honorable Jesse M. Furman
United States District Court
40 Centre Street, Room 2202
New York, NY 10007

Re: *ChemImage Corp. v. Johnson & Johnson et al.*, No. 1:24-CV-2646 (JMF)

Dear Judge Furman:

Defendants respectfully move pursuant to Rule 7(C)(ii) of Your Honor's Individual Rules and Practices in Civil Cases to keep under seal Defendants' Confidential and Highly Confidential discovery documents that ChemImage quoted and attached to its opposition to Defendants' motion for a protective order precluding ChemImage from deposing Ashley McEvoy. *See* Dkts. 85-87. ChemImage does not oppose the relief requested.

Defendants designated these documents Confidential or Highly Confidential under the Discovery Confidentiality Order (Dkt. 56) in this case. Defendants withdraw their confidentiality designation as to DEF_00783181 (Dkt. 86-7) and do not object to it being filed publicly. Each of the remaining eleven documents reflects nonpublic, competitively sensitive business information, the public disclosure of which would cause competitive and financial harm to Defendants. Despite the Court's general presumption in favor of public access to judicial information, "courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *Koh v. Koo*, No. 22-CV-6639 (JMF), 2023 WL 5352786, at *7 (S.D.N.Y. Aug. 21, 2023) (internal quotations omitted). Maintaining Defendants' Confidential and Highly Confidential discovery information under seal outweighs the public's access to judicial information as the substance of the discovery material is not essential to the public's understanding of the parties' dispute over Ms. McEvoy's deposition or the case at large. Moreover, the proposed redactions are narrowly tailored to quotes from Confidential or Highly Confidential discovery material and are consistent with the parties' Court-approved redactions of sensitive information in other filings in this case. *See, e.g.*, Dkts. 37-38.

In its opposition to Defendants' motion for a protective order, ChemImage quoted from and attached as exhibits the following Confidential and Highly Confidential documents: DEF_00557027, DEF_00558858, DEF_00560910, DEF_00561938, DEF_00734119, DEF_00738935, DEF_00738938, DEF_00743842, DEF_00745799, DEF_00771117, and DEF_00787277. These documents reflect nonpublic, competitively sensitive information concerning business strategy; development progress of programs that have not launched; the terms of potential contract renegotiations; budgets; financial performance; and forward-looking financial projections.

Judge Furman
Page 2
October 7, 2024

Moreover, these documents relate not only to the parties' co-development project ("Project Erie" or the "Project"), but also to Defendants' overarching Advanced Imaging, Robotics, and MedTech businesses, which are not relevant to this case insofar as they do not relate to ChemImage or Project Erie.  Moreover, Paragraph 7(b) of the Discovery Confidentiality Order that the Court entered in this case (Dkt. 56) provides that "the Parties have no obligation to file public versions of any documentary exhibits or deposition transcripts, unless otherwise ordered by the Court or required under the Federal Rules of Civil Procedure."  Accordingly, all quotes from Confidential or Highly Confidential discovery material in in ChemImage's opposition brief should remain redacted, and all such material attached as exhibits to its opposition brief should remain under seal.

As described below, each of the discovery documents at issue implicates Defendants' competitively sensitive business information, which warrants sealing.

- **DEF_00557027 (Dkt. 86-12):**  This document describes the effect of certain budgetary decisions on the development of Ethicon's visualization systems.

- **DEF_00558858 (Dkt. 86-3):**  This document describes potential renegotiation of the Research, Development, License, and Commercialization Agreement between Ethicon and ChemImage (the "Agreement"), including competitive analyses, valuation models, development progress related to Project Erie, and forward-looking spending projections for the Project.

- **DEF_00560910 (Dkt. 86-11):**  This document also describes potential renegotiation of the Agreement, including competitive analyses, valuation models, development progress related to Project Erie, and forward-looking spending projections for the Project.

- **DEF_00561938 (Dkt. 86-1):**  This document is an internal capital appropriation request ("CAR") memorandum from Ethicon leadership to the Johnson & Johnson Executive Committee detailing the strategic rationale for entering into the Agreement, fiscal requirements for performing under the Agreement, the competitive landscape, and the economic opportunity that Project Erie presented.

- **DEF_00734119 (Dkt. 86-2):**  This document reflects budgetary information for several different programs within Ethicon's Advanced Imaging business that have yet to be commercially released; proposed retention plans for the legacy personnel of an acquired company; and the launch cadence of different embodiments of a device that is still in development.

- **DEF_00738935 (Dkt. 86-5):**  This document is a private chat thread between two Ethicon leaders of the Project Erie team regarding the mechanics of obtaining approval to share a term sheet as part of a potential renegotiation of the Agreement with ChemImage.  The document also discusses Defendants' internal decision-making processes and the status of the regulatory submissions of programs unrelated to the Project.

Judge Furman
Page 3
October 7, 2024

- **DEF_00738938 (Dkt. 86-6):** This document is another private chat thread between Ethicon leaders of the Project Erie team regarding the proposed 2021 budget for the Advanced Imaging program and the impact of Project Erie delays on the Project's ability to obtain extracontractual funding from Ethicon.

- **DEF_00743842 (Dkt. 86-8):** This document describes Defendants' strategy for their various advanced imaging projects in both laparoscopic and robotic surgical settings, their assessment of the competitive landscape, and revenue projections.

- **DEF_00745799 (Dkt. 86-9):** This document mentions the development progress and capabilities of several of Defendants' advanced imaging programs that remain in development.

- **DEF_00771117 (Dkt. 86-10):** This document contains a private chat thread between Ethicon business development personnel who worked on Project Erie. They discuss revenue projections for the Project.

- **DEF_00787277 (Dkt. 86-4):** This document contains a private chat thread between Ethicon personnel regarding the 2022 budget and strategy for Project Erie and Ethicon's broader Advanced Imaging business.

Additionally, this Court has held that where, as here, it "d[oes] not need to reference or otherwise rely on" sealed discovery material to resolve a party's motion, the "weight of any presumption is limited." *Alix v. McKinsey & Co.*, No. 18-CV-4141 (JMF), 2024 WL 3293621, at *14 (S.D.N.Y. July 3, 2024) (quoting *In re Accent Delight Int'l, Ltd.*, No. 16-MC-125 (JMF), 2018 WL 2849724 (S.D.N.Y. June 11, 2018)). And, as in *Koh*, Defendants "seek only limited sealing—without opposition—of sensitive commercial information." *Koh v. Koo*, No. 22-CV-6639 (JMF), 2023 WL 5352786, at *7 (S.D.N.Y. Aug. 21, 2023); *see* Dkt. 85.

Accordingly, Defendants respectfully request that the Court grant this motion, which would protect Defendants' business interests without depriving the public of access to information sufficient to understand the instant dispute.

Respectfully submitted,

   */s/ Rachel B. Sherman*
Rachel B. Sherman

---

There is no basis to seal the exhibits in their entirety. At most, the interests identified by Defendants would support narrowly tailored redactions of the relevant part of the exhibits, consistent with the presumption in favor of public access to judicial documents. See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Accordingly, Defendants' motion is DENIED without prejudice to filing a letter motion, no later than October 18, 2024, seeking leave to file the documents in redacted form pursuant to Rule 7(C)(iii) of the Court's Individual Rules and Practices in Civil Cases. The Clerk of Court is directed to terminate ECF No. 91. SO ORDERED.

October 11, 2024