```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
CHEMIMAGE CORPORATION,                                               :
                                                                     :
                              Plaintiff,                             :
                                                                     :        24-CV-2646 (JMF)
                -v-                                                  :
                                                                     :      MEMORANDUM OPINION
JOHNSON & JOHNSON et al.,                                            :           AND ORDER
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

The bench trial in this case, brought by ChemImage Corporation ("ChemImage") against Johnson & Johnson ("J&J") and Ethicon, Inc. ("Ethicon"), and familiarity with which is assumed, is scheduled to begin on March 17, 2025. *See* ECF No. 123. In advance of trial, ChemImage has filed five motions *in limine*. *See* ECF No. 126. The Court rules on them as follows:

- **Motion *in Limine* #1 (to preclude evidence and argument concerning purported breaches not identified in the March 6, 2023 Termination Letter):** The Court sees no need to decide in advance of trial whether and to what extent it should consider Defendants' arguments and evidence of ChemImage's allegedly unidentified breaches in light of the terms of the Termination Letter. Accordingly, motion *in limine* #1 is DENIED.

- **Motion *in Limine* #2 (to preclude testimony of Defendants' rebuttal experts):** Although "rebuttal is not limited to direct contradiction," *United States v. Barrow*, 400 F.3d 109, 120 (2d Cir. 2005), a rebuttal report is indeed limited to "the same subject matter identified by another party," Fed. R. Civ. P. 26; *see United States v. Tejada*, 956 F.2d 1256, 1266 (2d Cir. 1992); *McBeth v. Porges*, No. 15-CV-2742 (JMF), 2018 WL 5997918, at *7 (S.D.N.Y. Nov. 15, 2018). In ruling on the merits, the Court will adhere to these principles and disregard any testimony by Defendants' rebuttal experts that is not proper. Once again, however, it sees no need to resolve the parties' arguments in advance of trial. Accordingly, motion *in limine* #2 is DENIED as well.

- **Motion *in Limine* #3 (to preclude the testimony of Rocco De Bernardis):** Defendants provide no justification for their failure to list Mr. De Bernardis in their Rule 26 disclosures. That said, the Court declines to adopt the "drastic remedy" of preclusion, primarily because, in the circumstances of this case — a bench trial in which the parties

were required weeks ago to submit the direct testimony of their witnesses by declaration — ChemImage cannot demonstrate prejudice. *3DT Holdings LLC v. Bard Access Sys. Inc.*, No. 17-CV-5463 (LJL), 2022 WL 1569493, at *3 (S.D.N.Y. May 17, 2022) (internal quotation marks omitted); *see id.* at *4 ("[I]n this case, unlike in a jury trial or in a bench trial where direct testimony is not taken by declaration, Plaintiff has a copy of Burnside's direct testimony, and it still has not identified any documents that it does not now have and would have requested had it known that Burnside would be a witness or any questions it would have asked in deposition of another witness that it did not ask."). "In any event, if any prejudice did exist, it is mitigated by permitting [ChemImage] to take [De Bernardis's] deposition pretrial, which the Court now orders." *Id.* at *4. Accordingly, motion *in limine* #3 is DENIED on the condition that Mr. De Bernardis is made available for a deposition before trial on a date reasonably selected by ChemImage's counsel. In light of Defendants' violation of Rule 26, Defendants shall pay the reasonable costs (but not attorney's fees) associated with the deposition. *See, e.g.*, *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162 (S.D.N.Y. 2012) (shifting "certain discovery costs to Plaintiffs, so as to avoid burdening Defendants with costs they would not have incurred, but for Plaintiffs' non-compliance with the discovery rules" under Rule 26 and collecting cases).

- **Motion *in Limine* #4 (to preclude certain testimony of Joseph Corrigan):** Motion *in limine* #4 is DENIED, substantially for the reasons set forth in Defendants' opposition. *See* ECF No. 141 ("Defs.' Opp'n"), at 22-26.

- **Motion *in Limine* #5 (to preclude Defendants from introducing the deposition testimony of Adam Saltman):** ChemImage is correct that "deposition testimony is only a substitute, not to be resorted to if the witness can appear in person." *Banks v. Yokemick*, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001). Further, Defendants are flat wrong in arguing that Mr. Saltman's testimony is admissible under Rule 801(d)(2) of the Federal Rules of Evidence, *see* Defs.' Opp'n 26-28, as he was not a ChemImage employee at the time of his deposition, *see* ECF No. 148, at 11; *see also, e.g.*, *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S de R L de C.V.*, 627 F. Supp. 3d 408, 418 (S.D.N.Y. 2022) ("The hearsay exclusion for opposing party statements under Rule 801(d)(2) of the Federal Rules of Evidence only applies when the statement is, among other things, made by the opposing party itself or '[its] agent or employee on a matter within the scope of that relationship and *while it existed*.'" (quoting Fed. R. Evid. 801(d)(2)). Accordingly, motion *in limine* #5 is GRANTED. That is, assuming that Mr. Saltman appears as a witness at trial, Defendants are precluded from using his deposition (except for impeachment purposes) in their case-in-chief.

The Clerk of Court is directed to terminate ECF No. 126.

SO ORDERED.

Dated: March 5, 2025
New York, New York

JESSE M. FURMAN
United States District Judge