**quinn emanuel** trial lawyers | new york

295 5th Ave, New York, NY 10016 | TEL (212)-849-7000

June 30, 2025

Hon. Jesse M. Furman
United States District Court
40 Centre Street, Room 2202
New York, NY 10007

      Re:    *ChemImage Corp. v. Johnson & Johnson et al.*, No. 1:24-CV-2646 (JMF)
             <u>ChemImage Corporation's Letter Motion to Seal</u>

Dear Judge Furman:

      On behalf of Plaintiff ChemImage Corporation ("<u>ChemImage</u>"), we write pursuant to Federal Rule of Civil Procedure 5.2(d), this Court's Standing Order 19-MC-583, and Rule 7(C) of the Court's Individual Rules and Practices in Civil Cases to respectfully seek leave to permanently seal Exhibits A-L of the Declaration of Courtney C. Whang ("<u>Declaration</u>"), submitted in support of ChemImage's Motion for Attorneys' Fees and Costs ("<u>Fees Motion</u>"), each of which is submitted contemporaneously herewith.

      On May 30, 2025, the Court found that ChemImage is entitled to, *inter alia*, "attorneys' fees and costs in amounts to be determined" and ordered ChemImage to "confer in an effort to reach agreement on" costs and fees and to "file a motion to fix those fees and costs, supported by contemporaneous billing records," if the parties could not reach agreement. ECF No. 198 at 57-58.  The parties conferred on June 27, 2025, in advance of which ChemImage shared its contemporaneous billing records with counsel for Defendants, but the parties did not reach agreement.  On June 30, 2025, ChemImage notified Defendants of its intent to seal its invoices and billing records submitted in support of its Fees Motion.  Defendants indicated that they intend to oppose sealing.

      The exhibits ChemImage seeks to seal are:

- Ex. A – Excerpt from Quinn Emanuel Engagement Letter (Contingency Fee Section)
- Ex. B – Quinn Emanuel Invoices (1 of 2)[1]
- Ex. C – Quinn Emanuel Invoices (2 of 2)
- Ex. D – Milbank Invoices[2]

---

[1]  Pursuant to the parties' Confidentiality Order, ECF No. 56, ChemImage designated Quinn Emanuel's invoices, at Exhibits B and C, "Highly Confidential – Attorneys' Eyes Only."

[2]  Exhibits A-D contain limited redactions to protect against the disclosure of attorney-client privilege and attorney work product material.  Additional exhibits contain redactions permitted by

- Ex. E – EMG Legal Invoices
- Ex. F – Quinn Emanuel Costs
- Ex. G – A. Muhly (IT Consulting) Invoices
- Ex. H – Brattle (Expert) Invoices
- Ex. I – Cloud Hosting Costs
- Ex. J – Kroll (Expert) Invoices
- Ex. K – PLUSnxt (Document Vendor) Invoices
- Ex. L – Witness Expenses

In determining whether to seal a judicial document, Courts balance the public's right of access against "competing considerations such as the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016). "Thus, where sufficiently supported, the Court may seal documents containing attorney's fees and hours, as they may reveal competitively sensitive business information or communications subject to attorney-client privilege." *Richards v. Kallish*, 2023 WL 7126311, at *2 (S.D.N.Y. Oct. 30, 2023) (Reznik, M.J.). Where necessary, Courts in this district "often choose to review invoices and billing records *in camera* when calculating awards of attorney's fees and costs. *Id.* (citing *Major League Baseball Props., Inc. v. Corporación de Televisión y Microonda Rafa, S.A.*, 2020 WL 5518361, at *4 (S.D.N.Y. Sept. 14, 2020) (Vyskocil, J.).

Courts in this district have recognized that "time records and billing statements that are detailed in showing services, conversations, and conferences between counsel and others" are privileged to the extent that allowing access to the material would "disclose trial strategy and reveal the legal work that has been done by the party's attorneys." *Flatiron Acquisition Vehicle, LLC v. CSE Mortgage LLC*, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29, 2021) (Woods, J.) (cleaned up); *see also Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, 2023 WL 7924626, at *1 (S.D.N.Y. Nov. 16, 2023) (Torres, J.) (permitting sealing of "narrative descriptions of Plaintiffs' billing records"); *see also Bretillot v. Burrow*, 2015 WL 5306224, at *25 (S.D.N.Y. June 30, 2015) (Dolinger, M.J.) ("[C]orrespondence ... which also reveal[s] ... the specific nature of the services provided, such as researching particular areas of the law, fall[s] within the privilege."). Accordingly, ChemImage has applied limited redactions here to protect its most sensitive privileged and work product information. Other than these limited redactions, ChemImage has submitted detailed billing records and invoices—nearly 700 pages of materials—in completely unredacted form to facilitate the Court's review. These invoices, receipts, and billing narratives reveal the work that was done by ChemImage's attorneys, vendors, and consultants throughout the litigation and contain highly confidential information to which there is little to no presumption of public access. *Cf. Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (McMahon, J.) (granting sealing request where documents contained "company's billing rates and project pricing, as well as details of specific projects"). Accordingly, ChemImage respectfully requests that these exhibits remain under seal.

We thank the Court for its consideration.

---

this Court's Individual Rule 7(A). At the Court's request, ChemImage will submit unredacted copies of any exhibit for *in camera* review.

Respectfully submitted,

   /s/ Courtney C. Whang

Courtney C. Whang

The Court agrees with Defendants, *see* ECF No. 213, that there is no basis to seal the exhibits in their entirety. At most, the interests identified by Plaintiff would support narrowly tailored redactions of the relevant part of the exhibits, consistent with the presumption in favor of public access to judicial documents, *see generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), which extends to billing records, *see, e.g., EscapeX IP, LLC v. Google LLC,* No. 23-CV-10839 (VBS) (VF), 2025 WL 1636726, at *1 (S.D.N.Y. June 9, 2025) (explaining that "billing records are relevant to the pending motion for attorney's fees" and that "[t]he billing records are thus a judicial document because they will be used in assessing the appropriate amount of [fees]"); *Worldwide HomeProd., Inc. v. Bed, Bath & Beyond, Inc.,* No. 11-CV-3633 (LTS) (MHD), 2015 WL 1573325, at *6 (S.D.N.Y. Apr. 9, 2015) ("Attorneys understand that they may be required to disclose their fee statements, including the fee arrangements they have entered into with clients, particularly when they invoke fee-shifting statutes and doctrines under which the reasonableness of their fees is a material issue for adjudication."); *Fashion Exchange LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254 (SHS) (OTW), 2019 WL 5693374, at *3 (S.D.N.Y. Nov. 4, 2019).  Here, Plaintiff's billing records are plainly relevant to assessing its pending motion for attorney fees and costs.  *See* ECF No. 210. Moreover, Plaintiff represents that it has already applied redactions to protect its "most sensitive privileged and work product information."  ECF No. 209, at 2.

Accordingly, Plaintiff's motion is DENIED, and Plaintiff is directed to re-file the relevant records in redacted form on the docket. The Clerk of Court is directed to terminate ECF No. 209.

SO ORDERED.

July 2, 2025