UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
       :
CHEMIMAGE CORPORATION,       :
       :
       Plaintiff,       :
       :       24-CV-2646 (JMF)
       -v-       :
       :       MEMORANDUM OPINION
JOHNSON & JOHNSON et al.,       :       AND ORDER
       :
       Defendants.       :
       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 30, 2025, following a bench trial, the Court entered Findings of Fact and Conclusions of Law, familiarity with which is presumed, holding that Defendant Ethicon, Inc. had breached its contract with Plaintiff ChemImage Corporation ("ChemImage"). *See ChemImage Corp. v. Johnson & Johnson*, No. 24-CV-2646 (JMF), 2025 WL 1547616 (S.D.N.Y. May 30, 2025). The Court concluded that ChemImage was entitled to, among other things, damages incurred due to the impairment of its intellectual property ("IP impairment"), *see id.* at *24, but agreed with Ethicon that such damages should be discounted to account for the failed partnership with Ethicon, *see id.* at *23. "[F]rom the perspective of a prospective buyer," the Court reasoned, "the fact that Ethicon terminated its partnership with ChemImage based on a purported failure to achieve Milestone 1B would result in a discount of the valuation of the subject assets — regardless of whether ChemImage had in fact achieved Milestone 1B." *Id.* (internal quotation marks omitted). The Court directed the parties to confer and, absent agreement, file letters proposing "an adjusted discount rate that accounts for the termination of Project Erie." *Id.* at *24. Having reviewed the parties' filings on that score, *see* ECF No. 201 ("Pl.'s Letter"); ECF No. 202 ("Defs.' Letter"), the

Court issues this Memorandum Opinion and Order to address the amount of IP impairment damages to which ChemImage is entitled.

At the outset, the parties' submissions go well beyond the scope of the Court's invitation for additional submissions.  The Court invited input only on "an adjusted discount rate that accounts for the termination of Project Erie."  2025 WL 1547616, at *24.  Disregarding the limited scope of this invitation, ChemImage seeks to reargue points that the Court already considered and rejected, namely that the damage calculation should incorporate an average unit price of $205,000, *compare* Pl.'s Letter 5, *with ChemImage Corp.,* 2025 WL 1547616, at *23 n.10, and that *no* adjustment of its originally proposed discount rate of 15% is warranted because it already accounted for commercial risk, *compare* Pl.'s Letter 2-3, *with ChemImage Corp.,* 2025 WL 1547616, at *23.  For its part, Ethicon seizes the opportunity to make a new argument altogether, namely that ChemImage is not entitled to any IP impairment damages whatsoever because of the Court's "declaratory judgment award reverting the relevant IP to ChemImage."  Defs.' Letter 2.  The Court will not entertain any of these arguments.  *See, e.g.*, *Almazo v. M.A. Angeliades, Inc.*, No. 11-CV-1717 (MGC) (HBP), 2016 WL 5719748, at *2 n.1 (S.D.N.Y. Sept. 29, 2016) (rejecting as "improper" the defendants' "attempt to make their own motion for reconsideration through their opposition brief"); *America GreenFuels Rockwood (Tennessee), LLC v. Aik Chuan Construction Pte. Ltd.*, No. 21-CV-7680 (DLC), 2023 WL 8372476, at *1 (S.D.N.Y. Dec. 4, 2023) ("Where a party fails to raise an argument at trial, it may properly be deemed waived.").

As to the issue on which the parties were invited to opine, ChemImage proposes a discount rate of no more than 17%, *see* Pl.'s Letter 1, while Ethicon proposes a discount rate of 40%, *see* Defs.' Letter 1.  The Court concludes that ChemImage has the better argument and sets the discount rate at 17% for three reasons.  First, Ethicon's proposed 40% discount rate is premised on several factors that the Court already rejected as bases for lowering IP impairment damages.  Ethicon

points, for instance, to "ChemImage's over budget and delayed development history with Ethicon"; Ethicon's "retention of certain IP rights even in a without-cause scenario"; "an increasingly crowded market" for medical imaging technology; and the "risk that [ChemImage's] technology would never make it to market." Defs.' Letter 4-5.  In its Findings of Fact and Conclusions of Law, however, the Court found that Ethicon's wrongful termination "prevented ChemImage from monetizing its technology and hindered its efforts to engage with other firms to continue its development." *ChemImage Corp.,* 2025 WL 1547616, at *21.  Addressing competitive risks in the medical imaging market, the Court observed that ChemImage had identified specific market participants to replace Ethicon but that collaboration with "other potential partners[] hinged in part on J&J's control of associated 'patents' such as the CI Core IP." *Id.*  As to purported delays in development, the Court noted that even Ethicon's expert "[did] not know one way or another whether the developmental delays were primarily caused by ChemImage or . . . Ethicon." *Id.* at 22 (alterations omitted).  And "even assuming *arguendo* that ChemImage did not fully achieve the VAB component of Milestone 1B, there is no dispute that ChemImage successfully achieved Milestone 1A and the perfusion component of Milestone 1B." *Id.*  If that were not enough, the Court further explained that, "in September 2022, even after purported delays and increased expenses," Ethicon's consultant "assessed alternatives to [Project] Erie and still maintained that no alternative asset emerged as a highly attractive and good fit offering over Erie, which remain[ed] a leading option for Ethicon's ambitious goals in critical structure identification & cancer localization." *Id.* (cleaned up).  All of these prior findings, put together, cut against Ethicon's proposal to dramatically increase the discount rate.

      Second, the Court concludes that 17% is the more reasonable rate because ChemImage's adjusted calculation, which the Court adopted as a starting point, already incorporated the standard commercial and technical risks associated with developing technologies like Project Erie.

Specifically, the adjusted 28% probability of success calculation was incorporated to account for the exact development risks that Ethicon now argues warrant an increase in the discount rate. *See, e.g.,* Trial Tr. 518, 522-23; ECF No. 175 ("Plastino Aff."), at ¶ 92.[1]  Increasing the discount rate to 40% to account for commercial risks — such as the "risk that [ChemImage's] technology would never make it to market," Defs.' Letter 4-5 — thus improperly double counts development risk.  Ethicon cites, and the Court has not found, any literature or case supporting a 40% discount rate *on top of* a 28% probability of success adjustment (which, according to ChemImage, would be the functional equivalent of an 86.5% discount rate with no probability of success adjustment).  *See* Pl.'s Letter 5.  Applying a 17% discount rate given the 28% probability of success is more than sufficient and comfortably within the range of the rates that courts have applied to reflect commercial and technical risks in volatile technological markets, including in the market for medical device technology.  Pl.'s Letter 3-4 (citing cases); *see, e.g.*, *Lary v. Boston Sci. Corp.*, No. 11-CV-23820 (JJO), 2014 WL 7152769, at *3-4 (S.D. Fla. Dec. 15, 2014), *aff'd,* Fed. App'x 781 (11th Cir. 2016); *In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 935 (S.D.N.Y. 1994).

Finally, "[g]iven that ChemImage has established the fact of damages," the Court resolves any uncertainty over the appropriate discount rate against Ethicon.  *ChemImage Corp.,* 2025 WL 1547616, at *21.  That burden-shifting rule favors the 17% discount rate as well.  Indeed, adopting a conservative adjustment to the discount rate is especially appropriate where, as here, Ethicon failed to propose any alternative discount rate at trial.  *See, e.g.*, *Energy Cap. Corp. v. United States*, 302

---

[1]  As ChemImage notes in its submission, *see* Pl.'s Letter 2 n.3, the Court's May 30, 2025 Findings of Fact and Conclusions of Law contained a typographical error: At page 56 of the slip opinion, the Court referred to a "20% probability of success."  The correct figure, noted on pages 54 and 55 of the slip opinion, is 28%.  On the same page, the Court referred to a calculation of "impairment damages adjusted for 2039 royalties and the 2022 probability of success at $84,615,461," but that figure represents total damages, *see* ECF No. 195, at 161.  In conjunction with this Memorandum Opinion and Order, the Court will file an amended version of its Findings of Fact and Conclusions of Law.

F.3d 1314, 1333-34 (Fed. Cir. 2002) ("When there is no evidence in the record pertaining to the discount rate to be used when discounting a damages award, it certainly is appropriate for a court to apply a risk-free conservative discount rate to discount a damages award to present value."). Put differently, to the extent there is some uncertainty as to the proper discount rate, Ethicon has not carried its burden as the wrongdoer to show that a dramatic adjustment of the discount rate to 40% is warranted.

In short, the Court adopts ChemImage's proposed discount rate of 17%. Plugging that adjusted rate into the Excel spreadsheet submitted by Ethicon yields a Net Present Value of the "Subject Assets" equal to $37,069,521 and IP impairment damages (after adjusting for the $510,000 that, the parties agree, ChemImage obtained through asset sales) of $36,559,521. With the $40,000,000 termination fee to which ChemImage is entitled, that results in total damages (before prejudgment interest) of $76,559,521. No later than **July 14, 2025**, ChemImage shall confer with Defendants and file a proposed Judgment consistent with the Court's Findings of Fact and Conclusions of Law and this Memorandum Opinion and Order.[2]

SO ORDERED.

Dated: July 8, 2025
New York, New York

JESSE M. FURMAN
United States District Judge

---

[2] There is no need to delay entry of judgment pending the Court's decision on ChemImage's request for attorney's fees and costs. *See, e.g., Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 107 n.2 (2d Cir. 2018) ("[T]he entry of judgment ordinarily should not be delayed simply in order to award fees." (citing Fed. R. Civ. P. 58(e) and *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 187 (2014))).